UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:24-CV-60816-LEIBOWITZ/AUGUSTIN-BIRCH

**JOSEPH HAYNES,**

    **Plaintiff,**

v.

**RED COATS, INC.,**

    **Defendant.**
_____/

**REPORT AND RECOMMENDATION ON
JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT**

This cause comes before the Court on the parties' Joint Motion to Approve Settlement Agreement. DE 45. The Honorable David S. Leibowitz, United States District Judge, referred the Joint Motion to the undersigned United States Magistrate Judge for a report and recommendation. DE 46. The Court has carefully considered the Joint Motion, the supplement thereto [DE 48], and the record and is otherwise fully advised in the premises. The Court **RECOMMENDS** that the Joint Motion [DE 45] be **GRANTED**.

Plaintiff Joseph Haynes filed this action against Defendant Red Coats, Inc., his former employer, for allegedly violating the Fair Labor Standards Act ("FLSA") by failing to pay him full overtime wages. DE 1. Under the terms of the parties' Settlement Agreement, Plaintiff will receive $20,000, with half of that amount attributed to wages and half attributed to liquidated damages. DE 45-1 at 2. Plaintiff's counsel will receive $21,100 for fees and costs. *Id.*

A settlement resolving an FLSA claim must either be presented to the Secretary of Labor or be scrutinized by a court for fairness. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–53 (11th Cir. 1982). In reviewing the fairness of a settlement of an FLSA claim, a court determines

whether the settlement is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1355. The court considers factors such as (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of the plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *Johnson v. Gonzo Mktg. Servs., LLC*, No. 21-60775-CIV, 2021 WL 8363200, at *2 (S.D. Fla. Oct. 20, 2021) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1530 n.6 (11th Cir. 1994)).

The parties address the *Leverso* factors in their Joint Motion. DE 45 at 3–5. To summarize, the parties state that they are represented by counsel experienced in FLSA matters and that they reached the settlement without fraud or collusion. *Id.* at 4. They settled to avoid the time and expense required of continued litigation. *Id.* The costs of continued litigation would have exceeded the amount of the settlement. *Id.* The parties settled after exchanging written discovery. *Id.* They continue to dispute several issues, such as the number of hours Plaintiff worked, whether Plaintiff was exempt under the FLSA, whether Plaintiff reported the alleged wage deficiencies, and whether Defendant acted willfully or in good faith. *Id.* If the case continued to trial, Plaintiff may have recovered nothing, or Defendant may have been indebted to Plaintiff in an amount far greater than the settlement. *Id.* at 5. Counsel believe that the settlement is a fair and reasonable resolution of Plaintiff's claims. *Id.*

The Court has considered the parties' arguments and has conducted its own review of the record. The parties reached their settlement after participating in a settlement conference and a mediation. The discovery period had ended, and so the parties had available to them the information to fully evaluate their case's strengths and weaknesses. Reaching a settlement before trial preparation began in earnest avoided the accumulation of additional fees and costs. The parties had the assistance of counsel in resolving this case, and the Court has no reason to suspect that the settlement is a product

of fraud or collusion. The Court concludes that application of the *Leverso* factors to this case demonstrates that the settlement is a fair and reasonable resolution of a bona fide dispute.

The Settlement Agreement contains a general release. DE 45-1 at 4–5. A general release seeks to release claims not asserted in the pleadings. *Moreno v. Regions Bank*, 729 F. Supp. 2d 1346, 1352 (M.D. Fla. 2010). Some courts decline to approve FLSA settlement agreements that contain general releases. *E.g., Vega v. Ya Guan USA LLC*, No. 19-24902-CIV, 2021 WL 8946186, at *2 (S.D. Fla. Aug. 24, 2021); *Moreno*, 729 F. Supp. 2d at 1352 ("Absent some knowledge of the value of the released claims, the fairness of the compromise remains indeterminate."). Here, the parties have received the advice of experienced FLSA counsel, and counsel believe that the settlement is fair and reasonable in its entirety. Under this circumstance, the Court concludes that the general release is fair and reasonable.

A court must evaluate the reasonableness of any attorney's fees included as part of an FLSA settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under [the] settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Plaintiff's counsel will receive $21,100 for fees and costs under the settlement. DE 45-1 at 2. Counsel filed a copy of their billing statement for this case. DE 48-1. The billing statement reflects costs of $1,062.50 for the court filing fee, service fees, and the mediation fee. *Id.* at 6. The billing statement further reflects total fees of $24,945 incurred for 64.6 hours of work, with Attorney Elliot Kozolchyk performing 46.7 hours of work and Attorney Dillon Cuthbertson performing 17.9 hours of work. *Id.*

The fee award will compensate counsel for $20,037.50 of the fees they contend they incurred. Accepting counsel's representation that they spent 64.6 hours working on this case, the fee award is in line with the hourly rates that this Court has found to be reasonable for Attorneys Kozolchyk and Cuthbertson. *See, e.g., Leon v. Grass Roots Complete LLC*, No. 0:24-CV-60474, 2025 WL 746846,

at *3 (S.D. Fla. Feb. 25, 2025) (finding $375 to be a reasonable hourly rate for Attorney Kozolchyk and finding $250 to be a reasonable hourly rate for Attorney Cuthbertson). The Court concludes that the payment to be made to Plaintiff's counsel under the Settlement Agreement for fees and costs is reasonable.

The Court has reviewed the remaining clauses of the Settlement Agreement, which include various standard provisions. *See* DE 45-1. The Court concludes that the Settlement Agreement is fair and reasonable in its entirety.

Accordingly, the Court recommends that the Joint Motion to Approve Settlement Agreement [DE 45] be **GRANTED** and that the Settlement Agreement [DE 45-1] be **APPROVED**. The Court recommends that this case be **DISMISSED WITH PREJUDICE**. As the parties have conditioned dismissal on the Court retaining jurisdiction to enforce the terms of the Settlement Agreement for a period of sixty days, the Court recommends retention of such jurisdiction. *See* DE 45-1 at 4.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 16th day of September, 2025.

_____
PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE